(935 P.2d 1060)
No. 74,614

RICHARD E. KEITHLEY, *Appellant,* v. KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW and LAURENCE M. JARVIS, CHARTERED, *Appellees.*

Opinion filed April 4, 1997.

*Richard E. Keithley*, appellant pro se.

*James R. McEntire* and *Marlin White*, of Topeka, for the appellee Kansas Employment Security Board of Review.

Before PIERRON, P.J., NELSON E. TOBUREN and STEVE LEBEN, District Judges, assigned.

TOBUREN, J.: Richard E. Keithley appeals the district court's ruling that his unemployment compensation appeal to the Kansas Employment Security Board of Review (Board) was untimely and that he was not entitled to unemployment benefits even if his appeal was timely.

The district court first found that the appeal to the Board was not filed within the 16-day period provided by K.S.A. 44-709. The

"Decision Mailed" date stamped on the referee's decision is August 23, 1994. Keithley mailed his notice of appeal to the Board on September 9, 1994. He argues that the K.S.A. 60-206(e) 3-day additional time rule applies because he was served with notice of the referee's decision by mail.

The resolution of the issue as to whether Keithley's appeal to the Board was timely filed turns on the interpretation of K.S.A. 44-701 *et seq.*, the Kansas Employment Security Law, and K.S.A. 60-206, the time computation rule found in the Kansas Code of Civil Procedure. Interpretation of statutes are questions of law and this court's scope of review is unlimited. *City of Lakin v. Kansas Employment Security Bd. of Review*, 19 Kan. App. 2d 188, 189, 865 P.2d 223 (1993).

K.S.A. 44-709 reads in relevant part:

"(b) *Determination.* . . .

. . . .

"(3) Notwithstanding the provisions of any other statute, a decision of an examiner or special examiner shall be final unless the claimant or the most recent employing unit of the claimant files an appeal from the decision as provided in subsection (c). The appeal must be filed within 16 calendar days after the mailing of notice to the last known addresses of the claimant and employing unit or, if notice is not by mail, within 16 calendar days after the delivery of the notice to the parties.

"(c) *Appeals.* Unless the appeal is withdrawn, a referee, after affording the parties reasonable opportunity for fair hearing, shall affirm or modify the findings of fact and decision of the examiner or special examiner. The parties shall be duly notified of the referee's decision, together with the reasons for the decision. The decision shall be final, notwithstanding the provisions of any other statute, unless a further appeal to the board of review is filed within 16 calendar days after the mailing of the decision to the parties' last known addresses or, if notice is not by mail, within 16 calendar days after the delivery of the decision.

. . . .

"(e) *Time, computation and extension.* In computing the period of time for an employing unit response or for appeals under this section from the examiner's or the special examiner's determination or from the referee's decision, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period shall be included unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday."

### K.A.R. 48-4-1 reads in relevant part:

"A notice of appeal when filed by mail shall be considered filed on the date postmarked. If the postmark on the envelope is illegible or is missing, the appeal filed by mail shall be considered filed as of the date received by the agency less a calculated time reasonably expected to elapse enroute between the place of mailing and the place of delivery, in no case less than three (3) days."

### The referee's decision contained the following statement:

"°NOTICE: Appeal rights if you disagree with this decision: You have 16 days after the "Decision Mailed" date to file an appeal to the Employment Security Board of Review. You may file either in writing at your Department of Human Resources local office or by letter postmarked within 16 days and mailed to the Employment Security Board of Review, 1430 SW Topeka Blvd, Topeka, KS 66612. The Board will affirm or reverse this decision after reviewing the evidence presented at the referee's hearing."

### K.S.A. 60-206 reads in relevant part:

"The following provisions shall govern the computation and extension of time:

"(a) *Computation; legal holiday defined.* In computing any period of time prescribed or allowed by this chapter, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday. "Legal holiday" includes any day designated as a holiday by the congress of the United States, or by the legislature of this state. When an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method for computing such time is not otherwise specifically provided, the method prescribed herein shall apply.

. . . .

"(e) *Additional time after service by mail.* Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail, three days shall be added to the prescribed period."

By its terms, K.S.A. 60-206(a) is to be applied when the method for computing time is not otherwise specifically provided under any law of this state or any rule or regulation lawfully promulgated

thereunder. K.S.A. 44-709 and K.A.R. 48-4-1 provide the method for computing the appeal time applicable to this case. K.S.A. 44-709(c) provides that the referee's decision is final, notwithstanding the provisions of any other statute, unless an appeal to the board of review is filed within 16 calendar days after the mailing of the decision. K.S.A. 44-709(e) provides that the date of the act from which the period of time begins to run shall not be counted but that the last day of the period shall be included, unless it is a weekend or legal holiday, in which event the period is extended to the next day that is not a weekend or legal holiday. K.A.R. 48-4-1 provides that when filed by mail a notice of appeal shall be considered filed on the date postmarked. There is no contention made in this record that the postmark on the envelope was missing or illegible. The 16th day after the referee's decision was mailed was September 8, 1994. September 8, 1994, was not a weekend or a legal holiday. Keithley's appeal mailed September 9, 1994, was not timely.

Keithley cites *Quivira Falls Community Ass'n v. Johnson County*, 230 Kan. 350, 634 P.2d 1115 (1981); *Wheat State Telephone Co. v. State Corporation Commission*, 195 Kan. 268, 403 P.2d 1019 (1965); and *In re Tax Appeal of Newton Country Club Co.*, 12 Kan. App. 2d 638, 753 P.2d 304, *rev. denied* 243 Kan. 779 (1988), in support of his contention that the 3-day mail rule should be applied in this case. They are not on point.

*Quivira Falls* involved a Board of Tax Appeals order. The relevant issue was whether an appeal was timely filed within the 30-day period provided in K.S.A. 1978 Supp. 74-2426 where the 30th day fell on Sunday and the following Monday was a legal holiday. At that time there was no procedure provided within the applicable statutes or regulations for calculating appeal times and the court applied K.S.A. 60-206(a). By the time of *Newton Country Club*, the legislature had made the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 1987 Supp. 77-601 *et seq.*, applicable to Board of Tax Appeals and K.S.A. 1987 Supp. 77-613(d) of that act mirrored the 3-day mail time language of K.S.A. 60-206(e). However, the statute did not provide guidance when the last day to appeal fell on a weekend or legal holiday and the

court again applied K.S.A. 60-206(a) to determine when the appeal began to run in the event the last day fell on a weekend or legal holiday. In *Wheat State*, the Kansas Corporation Commission had, by rule and regulation, specifically adopted the provisions of the Code of Civil Procedure providing for 3 additional days where service was made by mail.

" 'The time for taking an administrative appeal, as prescribed by statute, is jurisdictional and delay beyond the statutory time is fatal to an appeal.' " *State Bank Commissioner v. Emery*, 19 Kan. App. 2d 1063, 1072, 880 P.2d 783 (1994). Keithley's appeal from the referee's decision to the Board was not timely, and the decision of the referee became final at that time.

The decision of the district court finding that the appeal was not timely filed is affirmed. The remaining issues are moot.

Affirmed.