(54 P.3d 527)
No. 88,203

TRANSAM TRUCKING, INC., *Petitioner/Appellee,* v. KANSAS DEPARTMENT OF HUMAN RESOURCES, EMPLOYMENT SECURITY BOARD OF REVIEW, *Respondent/Appellant,* and MARK C. BROWN, *Respondent.*

Opinion filed September 27, 2002.

*James R. McEntire,* of Topeka, for appellant.

*Carl A. Gallagher,* of McAnany, Van Cleave & Phillips, P.A., Kansas City, for appellee.

Before BEIER, P.J., ELLIOTT and KNUDSON, JJ.

BEIER, J.: The Employment Security Board of Review (Board) and Mark Brown seek review of district court rulings that an appeal filed by Transam Trucking (Transam) was timely and that Transam's account would not be charged with unemployment benefits paid to Brown. We agree Transam's appeal was timely but reverse

and remand to the district court with directions that it remand to the Board to make further findings on the merits of the dispute.

Brown applied for benefits after being discharged from his employment as a truck driver with Transam. Transom let Brown go pursuant to a company policy requiring termination when an employee had been involved in more than two preventable accidents within 3 years.

Brown acknowledged having three accidents. The first was a rollover. Brown said this accident occurred when he hit something in the road and the load in the truck shifted, causing him to lose control. Brown was not ticketed for this accident. The second accident occurred when a vehicle passed Brown and then cut in front of him. Brown could not stop in time and rear-ended the vehicle. Brown was ticketed for this accident. The third accident occurred when Brown was backing up to park the truck, did not see another vehicle in his mirrors, and hit it. Brown was not ticketed for this accident. All three of the accidents occurred within 1 year.

The hearing examiner concluded Brown was not disqualified from receiving benefits because the evidence was insufficient to establish that his discharge was the result of a violation of a duty or obligation reasonably owed to the employer as a condition of employment. In the examiner's view, misconduct had not been established under K.S.A. 2001 Supp. 44-706(b). Transam appealed the examiner's decision.

The referee held Transam had not shown misconduct as defined in the statute and affirmed the decision of the hearing examiner. In so ruling, the referee found the evidence did not show an intentional act or conduct over which Brown had control sufficient to meet the definition of misconduct. The referee also found Brown's apparent lack of ability to drive safely did not necessarily translate into intentional conduct.

The Board adopted the findings of fact and decision of the referee and affirmed. The opinion of the Board stated the mailing date for its decision was December 19, 2000. It further stated the Board's decision would become final 16 days after the mailing date and, if the aggrieved party desired to appeal, its notice must be filed in the district court within 16 days.

Transam filed its notice of appeal and petition for judicial review of the Board's decision on January 8, 2001, 20 days after the December 19, 2000, mailing date. The Board moved to dismiss the appeal for lack of jurisdiction. The district court found the appeal timely, holding that Transam was entitled to an additional 3 days beyond the 16 to file its appeal because it was served with the Board's opinion by mail. Because the 19th day fell on a Sunday, filing on the 20th day was sufficient.

The district court then heard arguments on the merits. At the close of arguments, the district court observed the referee's decision relied on K.S.A. 44-706(b)(4) for the proposition that "the individual shall not be disqualified if the individual made a good faith effort to do the work but was discharged due to isolated instances of ordinary negligence or inadvertence." This was a correct statement of the law applicable to the case. However, the court then noted the referee applied an old version of K.S.A. 44-706(b)(1) when it stated the evidence did not show an intentional act or conduct over which Brown had control sufficient to constitute misconduct under the statute. The Board's counsel conceded that an earlier requirement for intentional conduct had been removed from the statute.

Ultimately the district court proceeded on its own, finding evidence in the record made it apparent there was misconduct, *i.e.*, a violation of a duty reasonably owed as a condition of employment under both common law and contract. It therefore reversed the decision of the Board. Transam's account would not be charged for unemployment compensation paid to Brown.

### Timeliness of Transam's Appeal to District Court

Unless Transam's notice of appeal was timely filed in district court, the court lacked jurisdiction. If the district court lacked jurisdiction, so do we. *In re Habeas Corpus Application of Horst*, 270 Kan. 510, 515, 14 P.3d 1162 (2000). We review jurisdictional questions de novo. *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 414, 997 P.2d 681 (2000).

K.S.A. 44-709(i) provides as follows:

> "*Court review*. Any action of the board is subject to review in accordance with the act for judicial review and civil enforcement of agency actions . . . . In the absence of an action for such review, the action of the board shall become final 16 calendar days after the date of the mailing of the decision."

We must decide how the statute's reference to the Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, interacts with its implied 16-day time limit for appeal. The issue is determinative in this case because KJRA allows 3 days' additional time when a party is required to do some act within a prescribed period after service of an order by mail. K.S.A. 77-613(e). If an additional 3 days was permitted here, Transam's appeal to the district court was timely. If not, it was too little too late.

The parties have urged us to compare this case to *Jones v. Continental Can Co.*, 260 Kan. 547, 920 P.2d 939 (1996), and *Keithley v. Kansas Employment Security Bd. of Review*, 23 Kan. App. 2d 732, 935 P.2d 1060 (1997).

In *Jones*, the Supreme Court considered the 3-day rule in the context of a workers compensation case. There, the Fund appealed a Board order issued on September 29 by filing a notice of appeal on November 1. The respondent and insurance carrier contended the Fund's appeal was untimely because it was not filed within 30 days of the date of the Board's final order. The Fund contended its appeal was saved by the 3-day mail rule. 260 Kan. at 550.

The court ultimately sided with the respondent and insurance carrier. The 3-day mail rule did not apply in workers compensation cases. 260 Kan. at 558-59. In so ruling, the court discussed the history of the changes to the applicable workers compensation provision, K.S.A. 44-556. Specifically of concern was a 1993 change adding back into 44-556(a) an express, affirmatively stated 30-day time limit for filing a notice of appeal. The court concluded the passage in 44-556(a) was intended to substitute for the period provided for in KJRA and rendered it inapplicable. 260 Kan. at 556. This result, the court said, was consistent with the rule that a statute providing for a specific appeal controlled over broader statutes concerning the general right to appeal. 260 Kan. at 557.

In *Keithley*, an unemployment case, the panel examined the timeliness of an appeal of a referee's decision to the Board. Appellant was 1 day beyond the 16-day period set forth in K.S.A. 44-709(c) and argued the K.S.A. 3-day mail rule applied. 23 Kan. App. 2d at 733. Because the appeal was to the Board rather than from the Board to the district court, a different subsection of 44-709 applied. It read in pertinent part:

"The decision shall be final, notwithstanding the provisions of any other statute, unless a further appeal to the board of review is filed within 16 calender days after the mailing of the decision to the parties' last known addresses or, if notice is not by mail, within 16 calendar days after the delivery of the decision." K.S.A. 44-709(c).

The *Keithley* panel found this subsection specifically provided the method for computing the applicable appeal time and affirmed the district court's ruling that filing of a notice of appeal beyond the 16-day period was fatal. 23 Kan. App. 2d at 735.

This case is distinguishable from both *Jones* and *Keithley*. *Jones* dealt with workers compensation rather than unemployment. The statute under consideration in *Jones* is similar to that under consideration here because both make administrative board actions subject to review in accordance with the KJRA. However, the workers compensation statute in *Jones* contained an affirmatively stated 30-day deadline for appeal. The same is true of subsection (c) of 44-709 in *Keithley*; the statute affirmatively stated the time limit for appeal.

Furthermore, in *Keithley*, subsection (c) had no potentially contrary language referencing the KJRA. Indeed, it instead included the phrase "notwithstanding the provisions of any other statute," reinforcing the interpretation that the law governing appeals began and ended there. In contrast, the statute applicable to the appeal before us here, K.S.A. 44-709(i), does not affirmatively state a time limit for appeal. It simply implies a 16-day limit. It also specifically makes appeals from the Board to the district court subject to the provisions of the KJRA.

Our review of pertinent historical legislative amendment of the statute also offers us limited guidance. Before 1986, this subsection of the statute did not reference the KJRA, and it affirmatively set

a 16-day time limit for filing of notices of appeal. K.S.A. 1985 Supp. 44-709(i)(1), (2). In 1986, the legislature added the KJRA language and altered the tone and arrangement of the 16-day language to its current, less explicit form. See K.S.A. 44-709(i) (Ensley 1986).

After careful review of these authorities and the parties' arguments, we conclude that K.S.A. 44-709(i) incorporates any provisions of KJRA not contrary to it. We are not comfortable reaching out to rule that the time limit for appeal is something longer than 16 days, as some would suggest the amendment from an affirmatively stated deadline to the implicit deadline of today demands. We are willing, however, to conclude that KJRA's 3-day mail rule applies when calculating the notice of appeal deadline in the district court. If the reference to the KJRA means anything, it must mean that consistent passages in that Act are grafted onto K.S.A. 44-709(i). Litigants may thus rely upon them and must be protected when they conform their conduct to them. Transam's filing of its notice of appeal from the Board's decision was timely when filed on the 20th day after the mailing date for the Board's decision, given that the 19th day was a Sunday.

### Charging of Transam's Account

We review the Board's decision on the merits in the same manner as the district court. If the entire record reveals substantial evidence to support the agency's findings of fact and the agency's action is legally authorized, it is presumed valid unless it is so wide of the mark as to be arbitrary and capricious. See *Farmers Co-op Elevator v. Kansas Employment Security Bd. of Review*, 25 Kan. App. 2d 567, 571-72, 966 P.2d 699, *rev. denied* 266 Kan. 1108 (1998) (review of final Board order under Employment Security Act).

The Board, through its adoption of the referee's findings, concluded Brown's actions did not constitute "misconduct." "Misconduct" disqualifying a claimant from receiving unemployment benefits is correctly defined as "a violation of a duty or obligation reasonably owed the employer as a condition of employment." K.S.A. 2001 Supp. 44-706(b)(1). An individual cannot be disqualified for misconduct if the individual was making a good faith effort

to do the assigned work but was discharged due to inefficiency; unsatisfactory performance due to inability, incapacity, or lack of training or experience; isolated instances of ordinary negligence or inadvertence; good faith errors in judgment or discretion; or unsatisfactory work or conduct due to circumstances beyond the individual's control. K.S.A. 44-706(b)(4)(B).

Here, the problem arises because the specific findings of the referee, later adopted by the Board in its decision, relied on an outdated legal definition of "misconduct" from an earlier version of K.S.A. 44-706(b)(1). See K.S.A. 44-706(b)(1) (Furse 1993). The referee stated:

"The evidence does not show an intentional act and conduct over which the claimant had control sufficient to meet the requirements for the definition of misconduct. The fact that the claimant appeared to lack ability to drive safely does not necessarily translate into an intentional conduct over which the claimant had control for the purpose of meeting the definition of misconduct."

The district court recognized this infirmity in the referee's findings and the incorporation of this infirmity in the Board's decision. Rather than remanding to the Board for appropriate additional findings pursuant to the authority granted the Board in K.S.A. 44-709(f)(6), however, the district court simply entered its own finding that the current definition of "misconduct" was met by evidence of "violation of a duty or obligation reasonably owed the employer as a condition of employment." K.S.A. 44-706(b)(1).

The district court overstepped. A district court reviewing the Board's decisions may grant relief only on the grounds set forth in K.S.A. 77-621(c). *Sunflower Racing, Inc. v. Board of Wyandotte County Comm'rs*, 256 Kan. 426, 431, 885 P.2d 1233 (1994). These grounds include the agency's erroneous interpretation or application of the law. K.S.A. 77-621(c)(4).

Here, the district court was within its authority to recognize the agency had erroneously applied K.S.A. 44-706(b)(1) (Furse 1993) and to grant relief, but it should have remanded for further Board findings under the proper standard. Neither the district court nor this court has de novo review of this matter. See *Karns v. Kansas Bd. of Agriculture*, 22 Kan. App. 2d 739, 748, 923 P.2d 78 (1996) (review of agency decisions by district court, appellate court based

on substantial evidence). The district court was not free to substitute its own findings for those of the Board or referee.

Reversed and remanded to the district court with directions that it remand to the Board to make further findings on the merits of the dispute.