No. 109,428

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PATRICIA NORRIS,
*Appellant*,

v.

KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW,
*Appellee*.

SYLLABUS BY THE COURT

1.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited.

2.

An appellate court exercises unlimited review on questions of statutory interpretation without deference to an administrative agency's or board's interpretation or construction of its authorizing statutes.

3.

Actions of the Kansas Employment Security Board of Review are subject to judicial review under the Kansas Judicial Review Act, K.S.A. 77-601 *et seq.*, as provided in K.S.A. 2013 Supp. 44-709(i).

4.

A party affected by the Kansas Employment Security Board of Review's decision may seek reconsideration by the Board within 16 days of the date of the Board's mailing

1

of the decision. After 16 days, the Board's decision becomes final and is not subject to reconsideration by the Board pursuant to K.S.A. 2013 Supp. 44-709(i).

5.

If reconsideration of the Kansas Employment Security Board of Review's decision has not been requested, a petition for judicial review of a final order shall be filed within 30 days after service of the order under K.S.A. 77-613(b).

6.

If reconsideration of the Kansas Employment Security Board of Review's decision has been requested, a petition for judicial review of a final order shall be filed within 30 days after service of the order rendered upon reconsideration or within 30 days after service of an order denying the request for reconsideration under K.S.A. 77-613(c).

7.

If the Kansas Employment Security Board of Review does not act on a petition for reconsideration within 20 days after the filing of the petition for reconsideration, the party may petition for judicial review of the final order at any time within 90 days of service of such final order as provided by K.S.A. 2013 Supp. 77-529(b) and K.S.A. 2013 Supp. 77-631(b).

Appeal from Shawnee District Court; REBECCA W. CROTTY, judge. Opinion filed March 21, 2014. Reversed and remanded.

*Matthew C. Hull*, of Topeka, for appellant.

*Justin McFarland*, deputy general counsel and special assistant attorney general, of Kansas Department of Labor, for appellee.

Before ARNOLD-BURGER, P.J., BUSER and STANDRIDGE, JJ.

BUSER, J.: Patricia Norris appeals the district court's dismissal of her petition for review of the Kansas Employment Security Board of Review's (Board) decision denying her request for unemployment benefits. The district court ruled that it lacked jurisdiction over Norris' petition because she failed to file it in a timely manner.

This case requires us to decide whether the time period to file a petition for judicial review from a decision of the Board is solely controlled by the Kansas Employment Security Law (KESL), K.S.A. 44-701 *et seq.*, or whether, and to what extent, the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 *et seq.*, is also applicable. The Board contends the time period is controlled by the KESL alone and that Norris filed her petition for review out of time. We agree with Norris, however, that the KJRA also applies and that both acts should be read together and in harmony. Accordingly, we hold that Norris filed a timely motion for reconsideration with the Board and a timely petition for judicial review with the district court, which resulted in the district court having jurisdiction to consider this unemployment compensation case. We reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

Norris worked as a service technician for Air and Fire Systems from 2008 until 2011 when she voluntarily terminated her employment. As alleged by Norris, she left her employment because the company's president was wrongfully withholding commissions and behaving in an unprofessional manner.

Norris applied for unemployment benefits, but on August 30, 2011, an examiner for the Kansas Department of Labor (KDOL) denied her request, finding that Norris left work "without good cause attributable to the work or the employer." Norris timely appealed the examiner's decision. After a telephone hearing, the referee affirmed the examiner's decision because Norris "ha[d] not shown that her voluntar[y] separat[ion]

3

from her employment was due to an emergency or that she could not have waited to quit until she found new employment."

Norris appealed the referee's adverse decision to the Board. On February 14, 2012, the Board mailed its decision to Norris affirming the referee's ruling and providing her with the following notice of her appeal rights:

"The Board's decision becomes final sixteen (16) days after the above mailing date. If any aggrieved party desires to appeal, it must be filed in the district court within this period of time. The procedure for appealing to [the] district court is provided for in K.S.A. 44-709(i) and K.S.A. 77-601, *et seq.*, as amended. After filing a petition for judicial review in [the] district court, a copy of the petition should be served on Cecelia Resnik, Executive Secretary, Employment Security Board of Review."

Instead of filing a petition for judicial review, however, Norris filed with the Board what the parties agree was "a motion to reconsider its decision." The motion for reconsideration was mailed to the Board on March 1, 2012, 16 days after the Board mailed its decision to Norris.

In response to the motion, on March 6, 2012, Resnik sent Norris' counsel a letter on behalf of the Board, which acknowledged the motion and stated:

"Our records indicate that on February 14, 2012, after the Board reviewed all the evidence in the case, the[ Board] issued a decision affirming the Referee's decision. The decision mailed by the Board clearly sets forth that if you are aggrieved by the Board's decision that you must file an appeal in the district court. The basic guidelines for filing this appeal are set forth on the decision. The Board does not handle filing the appeal for you, but you must do so individually or through your own attorney.

"An appeal must be filed within 16 days of the mailing date of the decision of the Board. You may file your appeal in the same Kansas County in which you live. Failure to file an

4

appeal within 16 days of that date may cause the court to find you have failed to act in a timely manner."

On March 21, 2012—36 days after the Board's decision to deny unemployment compensation and 15 days after Resnik's letter—Norris filed a petition in Shawnee County District Court seeking "judicial review of the Decision issued on February 14, 2012, . . . and [t]he Board's refusal of a motion to reconsider their Decision, dated March 6, 2012."

The Board moved the district court to dismiss the petition for lack of jurisdiction. In particular, the Board argued that Norris failed to file her petition for judicial review within 16 days of February 14, 2012, the date the Board mailed its decision affirming the referee's ruling. The Board also asserted that Norris' motion for reconsideration did not toll the time to file the petition because, under K.S.A. 2013 Supp. 44-709(i) of the KESL, the Board lacks the statutory authority to reconsider its decisions. Finally, the Board noted that its February 14, 2012, order "clearly informed Norris of her obligation to seek review in the district court within 16 days of the mailing of the [o]rder."

In response, Norris argued that while the Board did not formally deny her request for reconsideration, Resnik's letter qualified as an "'action'" of the Board, which extended the jurisdictional deadline for filing a petition for review by an additional 16 days. Norris also asserted it was the standard practice of the Board to accept motions for reconsideration; and whenever the Board denied such a request, it always "did so with an Order granting a new sixteen (16) day period for higher appeal to the District Court."

The district court dismissed the petition for lack of jurisdiction on September 26, 2012. The district court acknowledged that "[b]oth the KJRA and [KESL] provide procedures for judicial review of unemployment insurance appeals." Nevertheless, the district court thought that "[t]he timeframe for Petitions for Review of the Board's

5

decisions is prescribed by [the KESL,]" specifically K.S.A. 2013 Supp. 44-709(i), which the district court read to require the filing be made within 16 days of the February 14, 2012, mailing of the Board's decision. The district court noted that even if the motion for reconsideration had tolled the 16-day period, Norris still filed her petition for judicial review too late. Regarding Norris' claim that the Board should have granted her "16 additional days to appeal following her motion to reconsider," the district court disagreed, stating Norris "could indefinitely postpone the finality of the Board's decision by filing an infinite number of motions." Finally, the district court discounted Norris' assertion the Board had historically granted extensions of time, explaining that "the time for making an administrative appeal is jurisdictional."

Norris filed a motion to alter or amend the judgment under K.S.A. 2013 Supp. 60-259(f). In contrast to her previous position, Norris now argued that since Resnick's letter of March 6, 2012, was not actually a ruling on the motion for reconsideration, she had 90 days under the KJRA to petition for judicial review. See K.S.A. 2013 Supp. 77-631(b). For its part, the Board asserted the reconsideration provisions of the KJRA did not apply because the Board had no authority to reconsider its decisions under the KESL. The Board also suggested Norris was actually seeking reconsideration under the Kansas Administrative Procedure Act (KAPA), K.S.A. 77-501 *et seq.*, see K.S.A. 2013 Supp. 77-529(b), which it similarly asserted did not apply to unemployment compensation matters.

On January 3, 2013, the district court issued an order denying Norris' motion to alter or amend. The district court found that, despite the Board's argument to the contrary, the filing of a permissive motion for reconsideration could toll the timeframe for filing a petition for review but it did not entitle a claimant to a new 16-day time period. The district court, however, declined to consider Norris' new argument pertaining to the applicability of K.S.A. 2013 Supp. 77-631(b) because "'[m]otions to alter and amend judgment may properly be denied where the moving party could have, with reasonable diligence, presented the argument' prior [to the] [c]ourt's decision.'"

6

Norris filed a timely appeal with this court.

## DID THE DISTRICT COURT HAVE JURISDICTION TO CONSIDER NORRIS' PETITION FOR REVIEW?

On appeal, Norris contends the district court erred when it dismissed her petition for judicial review for lack of jurisdiction. Norris reprises her argument from the motion to alter or amend, claiming that although the Board had statutory authority to consider her motion for reconsideration, it neglected to take any action on that motion rendering her petition for judicial review timely under the 90-day provision set forth in K.S.A. 2013 Supp. 77-631(b) of the KJRA. The Board, on the other hand, claims that while the district court improperly interpreted the KESL to authorize reconsideration of its prior decisions, the district court reached the correct result because Norris' argument relies entirely upon the procedures set forth in the KAPA, even though the KESL establishes its own procedures. Of note, the Board does not brief the applicability of the KJRA aside from its effect on our court's standard of review.

Whether jurisdiction exists is a question of law over which this court exercises unlimited review. *Associated Wholesale Grocers, Inc. v. Americold Corporation*, 293 Kan. 633, 637, 270 P.3d 1074 (2011), *cert. denied* 133 S. Ct. 158 (2012). Moreover, resolution of this issue requires our court to interpret the statutory language found in the KESL, KJRA, and KAPA. See *Milano's Inc. v. Kansas Dept. of Labor*, 296 Kan. 497, 500-01, 293 P.3d 707 (2013) (setting forth a summary of general rules regarding statutory interpretation). In particular, appellate courts exercise unlimited review over questions involving the interpretation or construction of a statute, owing "'no significant deference"' to the Board's interpretation or construction. See *Hill v. Kansas Dept. of Labor*, 292 Kan. 17, 21, 248 P.3d 1287 (2011); *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs*, 290 Kan. 446, 456-57, 228 P.3d 403 (2010).

The fundamental question presented on appeal is whether the district court had jurisdiction to consider Norris' petition for judicial review. A brief historical review of the KESL and KJRA is necessary to address this question.

The KESL is old administrative law, having its roots in an act of 1937. See K.S.A. 44-701; L. 1937, ch. 255. The KESL sets out certain procedures, which it states are controlling rather than the "common law or statutory rules of evidence." K.S.A. 2013 Supp. 44-709(g). This is reflective of the period before the 1984 enactments of the KAPA and the KJRA, which "represented a major step toward uniformity in administrative procedures and review in Kansas after a long history of substantial diversity in both areas." Leben, *Survey of Kansas Law*: *Administrative Law*, 37 Kan. L. Rev. 679, 680 (1989).

In a case considering the KESL shortly after its enactment, the Kansas Supreme Court held the "law is complete within itself and provides its own procedure." *Smith v. Robertson*, 155 Kan. 706, 711, 128 P.2d 260 (1942). Our Supreme Court repeated this formulation in later cases, but the most recent reference was in 1973, in *City of Hutchinson v. Hutchinson, Office of State Employment Service*, 213 Kan. 399, 403, 517 P.2d 117 (1973), a case the Board relies on in its brief. Research located only one statement of this formulation by our court in the 1986 case of *State ex rel. Wolgast v. Schurle*, 11 Kan. App. 2d 390, 392, 722 P.2d 585 (1986) (citing *City of Hutchinson*).

In 1986, however, the legislature amended the judicial review provisions of the KESL to incorporate the KJRA. See L. 1986, ch. 318, sec. 59. It is helpful to first consider some of the language in place before the 1986 amendment:

> "(1) Any decision of the board, in the absence of an action for judicial review of the decision as provided by this section, shall become final 16 calendar days after the date

of the mailing of the decision. Judicial review of a decision shall be permitted only after a party claiming to be aggrieved by the decision has exhausted the party's remedies before the board as provided by this act.

"(2) Within 16 calendar days after the decision of the board has been mailed, the examiner, or any party aggrieved by the decision, may secure judicial review of the decision by commencing an action against the board for the review of its decision in the district court of the county in which the party resides or has the party's principal place of business or, if the aggrieved party is a nonresident of the state of Kansas, in the district court of Shawnee county." K.S.A. 1985 Supp. 44-709(i).

The 1986 amendment to the KESL produced the following language, which is still law:

"Any action of the board is subject to review in accordance with the act for judicial review and civil enforcement of agency actions [now the KJRA]. No bond shall be required for commencing an action for such review. In the absence of an action for such review, the action of the board shall become final 16 calendar days after the date of the mailing of the decision." L. 1986, ch. 318, sec. 59(i).

See K.S.A. 2013 Supp. 44-709(i).

Contrary to the Board's legal position in this case, it is apparent that after the 1986 amendment, the KESL is no longer complete in itself, at least with regard to judicial review. Instead, the "[a]ctions of the Department of Labor are reviewable under the . . . (KJRA). See K.S.A. 44-709(i)." *Milano's Inc.*, 296 Kan. at 500. Our court has similarly recognized this fact, applying the KJRA's 3-day mail rule in a KESL proceeding, notwithstanding the lack of any such procedural language in the KESL. See *Transam Trucking, Inc. v. Kansas Dept. of Human Resources*, 30 Kan. App. 2d 1117, 1122, 54 P.3d 527 (2002).

Turning to the KJRA, it notably frames the time period to file a petition for judicial review in terms of "reconsideration" and "final order." So, "[*i*]*f reconsideration*

9

*has not been requested* and is not a prerequisite for seeking judicial review, a petition for judicial review of a final order shall be filed within 30 days after service of the order." (Emphasis added.) K.S.A. 77-613(b). And "*if reconsideration has been requested* or is a prerequisite for seeking judicial review, a petition for judicial review of a final order shall be filed: (1) Within 30 days after service of the order rendered upon reconsideration . . . [or] (2) within 30 days after service of an order denying the request for reconsideration." (Emphasis added.) K.S.A. 77-613(c).

We can define this further beginning with "final order." The KJRA defines "'[f]inal agency action'" to mean "the whole or part of any agency action other than nonfinal agency action," K.S.A. 77-607(b)(1), and "agency action" is defined to include "[t]he whole or a part of . . . an order." K.S.A. 77-602(b)(1). Given that judicial review generally is provided for a "final agency action," K.S.A. 77-607(a), "final order" and "final agency action" are synonymous. So, in accordance with the KJRA, judicial review may be taken from a "final order," or a "final agency action." K.S.A. 77-607(a); K.S.A. 77-613(b) and (c).

With regard to reconsideration, the KJRA does not frame the time period to file in terms of whether reconsideration is *permitted* by any provision of law but whether it was *requested* by the party seeking judicial review. In this appeal, it is undisputed that Norris requested reconsideration. This request was consonant with KJRA's language and procedure.

We acknowledge that no provision of law requires the Board to consider a motion to reconsider. Nevertheless, the Board points to no law prohibiting it from doing so. Norris argues the Board has frequently reconsidered decisions in the past, a claim the Board does not dispute on appeal. Instead, the Board acknowledges that "[w]hy this was the practice of the Board in the past is not clear."

10

The KESL provides the Board's procedure "shall be in accordance with rules of procedure prescribed by the . . . [B]oard . . . for determining the rights of the parties." K.S.A. 2013 Supp. 44-709(g). Pursuant to this provision, the Department of Labor issued the following regulation:

> "The [B]oard . . . shall within a reasonable time announce its findings of fact and decision with respect to each appeal. The decision shall be in writing and signed by those members who concur with the decision. . . . Copies of all decisions of the [B]oard . . . shall be mailed to the last known address of the parties to the appeal. All decisions shall inform the parties of their appeal rights." K.A.R. 48-2-5 (2013 Supp.).

Although this regulation does not provide for reconsideration, it also does not prohibit it.

The KAPA does provide for reconsideration of agency actions. See K.S.A. 2013 Supp. 77-529. But the KAPA "applies only to the extent that other statutes expressly provide that the provisions of this act govern proceedings under those statutes." K.S.A. 2013 Supp. 77-503(a). And the KESL does not expressly provide that the reconsideration provisions of K.S.A. 2013 Supp. 77-529 shall govern in unemployment compensation proceedings.

In sum, the KESL does not prohibit reconsideration of its decisions, and it specifically states that its actions are subject to review in accordance with the KJRA which clearly provides that a party may request reconsideration. As a result, we are persuaded there is no evident reason to ignore the KJRA's language which clearly anticipates and incorporates requests for reconsideration into its procedural scheme.

Next, we consider the time period for filing a motion for reconsideration with the Board and the effect that the Board's reconsideration decision or failure to act on the motion has upon the time period to file a petition for review with the district court. Once again, the language of the 1986 amendment to the KESL guides our analysis:

11

"Any action of the employment security board of review is subject to review in accordance with the Kansas judicial review act. No bond shall be required for commencing an action for such review. . . . *In the absence of an action for such review, the action of* [*the B*]*oard shall become final 16 calendar days after the date of the mailing of the decision.*" (Emphasis added.) K.S.A. 2013 Supp. 44-709(i).

The Board reads the mention of 16 calendar days in the emphasized sentence as contradicting and superceding the 30-day time limit to file a petition for judicial review provided by the KJRA, K.S.A. 77-613(b) and (c). We disagree with that interpretation.

Employing well-established rules of statutory construction, we conclude the different time periods mentioned in both statutes may be harmonized. First, the language quoted above begins with the following sentence: "Any action of the . . . [B]oard . . . is subject to review in accordance with the [KJRA]." K.S.A. 2013 Supp. 44-709(i). The emphasized sentence above should not be read as contradicting this sentence found one sentence earlier in the same subparagraph. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 918, 296 P.3d 1106 (courts should consider various portions of an act in pari materia), *cert denied* 134 S. Ct. 162 (2013).

Second, the emphasized sentence applies only "[i]n the absence of an action for such review." K.S.A. 2013 Supp. 44-709(i). The legislature would not have intended the emphasized sentence to contradict the KJRA when it specified that it would apply only in the absence of a KJRA action. See 296 Kan. at 918 (appellate courts must attempt to ascertain legislative intent through the statutory language).

Third, the emphasized sentence in K.S.A. 2013 Supp. 44-709(i) merely states the action of the Board shall become "final," and that term is not defined. To the extent the emphasized language affects the jurisdiction of the district court under the KJRA, it would not cut off jurisdiction; a final agency action or order, as we established earlier, is plainly subject to judicial review by the district court under the KJRA.

12

We acknowledge the plain language of the KESL *before* the 1986 amendment did treat the 16-day period as a time limit on judicial review. But that language was amended, and "[w]hen the legislature amends a statute, this court must presume it intended to change the law from how it existed because we assume the legislature does not enact useless or meaningless legislation." *Ft. Hays St. Univ.*, 290 Kan. at 464. If the 16 days does not serve the same purpose that it did before the amendment, our challenge is to identify the purpose intended by the legislature *after* the 1986 amendment.

We interpret the reference to a 16 day time period in K.S.A. 2013 Supp. 44-709(i) as a limit on any request for reconsideration. When the legislature amended K.S.A. 44-709(i) in 1986, it was presumed to have known that the KJRA frames the time to file a petition for review in terms of reconsideration and that the KAPA (which provides for reconsideration) does not apply to the KESL. See *Cochran v. Kansas Dept. of Agriculture*, 291 Kan. 898, 906, 249 P.3d 434 (2011). Thus, in 1986, the legislature did two things: It incorporated the 30-day time limit for filing a petition for review from the KJRA, and it set a 16-day time limit after which the Board's decision would be final— meaning not subject to reconsideration. While the specific period of 16 days may have been a holdover from the prior statutory language, we note that it is very similar to the 15-day period for reconsideration established in the KAPA. See K.S.A. 2013 Supp. 77-529(a)(1).

Given this interpretation, we conclude the legislature intended that a party adversely affected by a Board decision may directly petition for judicial review under the KJRA. Alternatively, the party first may seek reconsideration by the Board, but that request must be made within 16 days of the date of the Board's mailing of the decision. After 16 days, the Board's decision becomes final and is not subject to reconsideration by the Board. In our estimation, no other interpretation or construction makes sense of the relevant language in K.S.A. 2013 Supp. 44-709(i) and the applicable provisions of the KJRA.

13

Turning to the facts of this appeal, the Board mailed its decision on February 14, 2012, and the 16 days for reconsideration became 19 days with the addition of the 3-day mailing period. See K.S.A. 77-613(e); *Transam Trucking, Inc.*, 30 Kan. App. 2d at 1122. Nineteen days after February 14, 2012, was March 4, 2012, a Sunday. Norris faxed and/or mailed her request for reconsideration to the Board on March 1, 2012. If faxed, the filing occurred on March 1; and if mailed, the Board's rules governing appeals to the Board specify that notices of appeal are "considered filed on the date postmarked." K.A.R. 48-4-1 (2013 Supp.). At the very least, the Board acknowledged a request dated March 5, 2012, which would be the first business day after the deadline. No matter how the time period is calculated, Norris timely moved for reconsideration of the Board's decision within 16 days of its service by mail.

On March 6, 2012, in response to Norris' motion for reconsideration, Resnik's letter advised Norris that her recourse was to "file an appeal in the district court." What is to be made of this letter?

A plain reading of the Resnik letter does not state what, if any, action was taken by the Board on Norris' motion for reconsideration. That is the position Norris now takes on appeal. In that situation, the KJRA provides:  "If an agency . . . does not act on a petition for reconsideration within the time prescribed by K.S.A. 77-529, [as amended], a party may petition for judicial review of the final order at any time within 90 days of service of such final order." K.S.A. 2013 Supp. 77-631(b). If the Board simply failed to act on Norris' request within 20 days, as directed by K.S.A. 2013 Supp. 77-529(b), she was required to petition for judicial review within 90 days of service of the final order. See K.S.A. 2013 Supp. 77-631(b).

There is another possibility:  If the letter was meant to convey a denial of Norris' motion for reconsideration, K.S.A. 77-613(c)(2) provided her 30 days after service of that order of denial to file her petition for judicial review.

14

Given the undisputed fact that Norris filed her petition for review on March 21, 2012, under either scenario, we hold that her petition for judicial review was timely filed and the district court had jurisdiction to review the matter.

Reversed and remanded.