IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,428

PATRICIA NORRIS,
*Appellant*,

v.

KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW,
*Appellee*.

SYLLABUS BY THE COURT

Under the Kansas Employment Security Law and the Kansas Judicial Review Act, as they were worded at the time of the district court judge's dismissal of appellant's petition for judicial review of a final order of the Kansas Employment Security Board of Review, the petition was timely, and it endowed the district court with jurisdiction.

Review of the judgment of the Court of Appeals in 50 Kan. App. 2d 69, 321 P.3d 28 (2014). Appeal from Shawnee District Court; REBECCA W. CROTTY, judge. Opinion filed February 19, 2016. Judgment of the Court of Appeals reversing and remanding to the district court is affirmed. Judgment of the district court is reversed, and the case is remanded to district court for further proceedings.

*Matthew C. Hull*, of Topeka, argued the cause and was on the brief for appellant.

*Justin L. McFarland*, special assistant attorney general, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: We accepted this case on petition for review because of the rare opportunity it presented for this court to address the proper procedure and time limits applicable to administrative and judicial review of rulings on unemployment claims.

Patricia Norris quit her job at Air and Fire Systems in August 2011. An examiner for the Kansas Department of Labor denied her claim for unemployment benefits. The Kansas Employment Security Board of Review (Board) ultimately affirmed the examiner's denial. Norris filed a motion to reconsider, which the Board declined to entertain. Norris then filed a petition for judicial review in district court—36 days after the Board had mailed its decision affirming the examiner. The 36 days exceeded a 16-day finality time period provided for in the Kansas Employment Security Law (KESL), K.S.A. 44-701 *et seq.*, and a 30-day filing deadline under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 *et seq.*

The district court judge dismissed Norris' petition for lack of jurisdiction, rejecting her argument that the motion for reconsideration had extended the time limit for filing of her judicial review petition. A panel of the Court of Appeals reversed the district judge's dismissal. Although we depart from the rationale of the Court of Appeals, for the reasons discussed below, we affirm its panel's decision.

FACTUAL AND PROCEDURAL BACKGROUND

Patricia Norris worked for Air and Fire Systems from 2008 until she resigned on August 1, 2011. After resigning, Norris applied for unemployment insurance benefits. Norris was denied benefits by an examiner at the Kansas Department of Labor. She then appealed the examiner's decision to a referee, who affirmed the examiner's decision. Norris followed that denial with an appeal to the Board. In a decision mailed on February 14, 2012, the Board informed Norris that it was adopting the findings of fact and the

2

decision of the referee. The Board's decision included the following language about Norris' appeal rights:

> "The Board's decision becomes final sixteen (16) days after the above mailing date. If any aggrieved party desires to appeal, it must be filed in the district court within this period of time. The procedure for appealing to district court is provided for in K.S.A. 44-709(i) and K.S.A. 77-601, *et seq*., as amended. After filing a petition for judicial review in district court, a copy of the petition should be served on Cecelia Resnik, Executive Secretary, Employment Security Board of Review, 401 S.W. Topeka Boulevard, Topeka, Kansas 66603-3182."

Rather than file a petition for judicial review, Norris' attorney sought reconsideration by the Board. In a March 6 letter, the executive secretary for the Board acknowledged receipt of the attorney's motion for reconsideration and said:

> "Our records indicate that on February 14, 2012, after the Board reviewed all the evidence in the case, they issued a decision affirming the Referee's decision. The decision mailed by the Board clearly sets forth that if you are aggrieved by the Board's decision that you must file an appeal in the district court. The basic guidelines for filing this appeal are set forth on the decision. The Board does not handle filing the appeal for you, but you must do so individually or through your own attorney.

> "An appeal must be filed within 16 days of the mailing date of the decision of the Board. You may file your appeal in the same Kansas County in which you live. Failure to file an appeal within 16 days of the date may cause the court to find you have failed to act in a timely manner."

On March 21, 2012—36 days after the date on the Board's initial decision and 15 days after the date on the executive secretary's letter—Norris' attorney filed a petition for judicial review in Shawnee County District Court. On the same day, Norris' attorney wrote a letter to the court. It included the following:

3

"In the past, when an attorney found a Board of Review decision objectionable, and the client had not been represented by counsel at the Administrative Judge's hearing, their newly-hired attorney filed a motion to remand to the Administrative Judge for an opportunity to present more evidence, and to argue for a better decision. In every case in memory, the board either granted the motion, or denied it by a board's order, with a new 16-day period to appeal to the court. The result was a better outcome for the client, and fewer appeals to the court.

"In this case, the decision by the Administrative Judge a/k/a/ The Referee, was so terribly wrong, with so little evidence in the record, that I felt it would be a favor [to] the Board to grant my remand.

"Not only did they not do that, they directed their Executive Secretary, Cecelia Resnik, to simply write a letter of denial, with no offer of appeal time. I discussed it with her. She said that someone in the department very recently decided to deny such remands with no official order by the Board. My only choice is to assume Ms[.] Resnik's letter (attached) to be an official denial, directed by the Board, dated March 6, with a filing deadline of March 22. I sincerely hope this meets the law's requirement."

After briefing from both parties, the district judge concluded that she was without jurisdiction because Norris had not filed her petition for judicial review within 16 days.

Norris' appeal to the Court of Appeals was successful. *Norris v. Kansas Employment Security Board of Review*, 50 Kan. App. 2d 69, 81, 321 P.3d 28 (2014).

According to the panel, the 16-day period prescribed by the KESL, specifically, K.S.A. 2013 Supp. 44-709(i), was the deadline for any request for Board reconsideration of its initial ruling. 50 Kan. App. 2d 69, Syl. ¶ 4, 79. The panel concluded that the 16-day period for reconsideration began running when the Board mailed its decision on February 14, 2012. 50 Kan. App. 2d at 80. Norris' time for reconsideration was extended to 19 days

4

by a 3-day mail rule. 50 Kan. App. 2d at 80 (citing K.S.A. 77-613(e); *Transam Trucking, Inc. v. Kansas Dept. of Human Resources*, 30 Kan. App. 2d 1117, 1122, 54 P.3d 527 [2002]). The filing of Norris' motion for reconsideration met the deadline.

With respect to judicial review, the panel held that the KJRA provided either a 30-day deadline or a 90-day deadline for filing a petition. *Norris*, 50 Kan. App. 2d 69, Syl. ¶ ¶ 5, 6, 80-81 (citing K.S.A. 77-613(c)(2) for 30-day deadline and K.S.A. 2013 Supp. 77-631(b) for 90-day deadline). Although it was unclear whether Norris' attorney had mailed or faxed the judicial review petition, its March 21, 2012, filing was timely under either standard and the district court had jurisdiction. 50 Kan. App. 2d at 80-81.

## DISCUSSION

The question of whether jurisdiction exists is one of law subject to unlimited review. *Graham v. Herring*, 297 Kan. 847, 855, 305 P.3d 585 (2013). Our resolution of the jurisdictional issue central to this appeal also requires statutory interpretation or construction, and such questions also are subject to de novo review on appeal. *In re A.M.M.-H.*, 300 Kan. 532, 535, 331 P.3d 775 (2014).

The statutory scheme governing the timeliness of Norris' petition for judicial review has been altered by the legislature since the district court decision in this case. We therefore must discuss the law in effect at the time of the district judge's dismissal of Norris' claim because of a lack of jurisdiction and the law applicable since the statutory amendment.

*Law in Effect at Time of District Court Dismissal*

The KESL explicitly provides that judicial review of a Board decision is available under the KJRA. K.S.A. 2010 Supp. 44-709(i) provides, in relevant part:

5

"Any action of the board is subject to review in accordance with the Kansas judicial review act. . . . In the absence of an action for such review, the action of the board shall become final 16 calendar days after the date of the mailing of the decision."

The KJRA explicitly addresses the timing of filing of a petition for judicial review:

"Subject to other requirements of this act or of another statute:

. . . .

"(b) If reconsideration has not been requested and is not a prerequisite for seeking judicial review, a petition for judicial review of a final order shall be filed within 30 days after service of the order.

"(c) . . . if reconsideration has been requested or is a prerequisite for seeking judicial review, a petition for judicial review of a final order shall be filed: (1) Within 30 days after service of the order rendered upon reconsideration . . . (2) within 30 days after service of an order denying the request for reconsideration . . . ." K.S.A. 77-613.

As stated above, Norris' petition for judicial review was filed 36 days after the date on the Board's initial decision. Its March 21 filing date falls outside the KESL's 16-day finality time limit as well as outside the KJRA's 30-day petition filing time limit, even if a 3-day mail rule is applied. The survival of Norris' ability to invoke the jurisdiction of the district court to review the Board's decision against her is dependent upon the legal effect, if any, of her motion for Board reconsideration of its initial decision.

As the Court of Appeals panel recognized, the language of K.S.A. 2012 Supp. 44-709(i) from the KESL does not explicitly authorize or prohibit the Board from

6

considering a motion for reconsideration. See *Norris*, 50 Kan. App. 2d at 77. The plain language of that provision merely sets up a 16-day time period for determining finality of a Board order that has not, at the expiration of the 16 days, become the subject of a petition for judicial review.

In addition, despite Norris' argument to the contrary, K.S.A. 2010 Supp. 44-709(f)(6), another part of the KESL, does not answer the question before us.

K.S.A. 2010 Supp. 44-709 outlines the procedure for filing a claim for benefits, determination of benefits, and subsequent review of the determination of the claim. The general procedure calls for an "examiner" to review a claim and decide its validity, the date benefits should begin, and the amount of benefits payable. See K.S.A. 2010 Supp. 44-709(b). After the examiner issues a decision, any interested party has 16 days to seek review of the examiner's decision by a referee. See K.S.A. 2010 Supp. 44-709(c). A referee must affirm or modify the examiner's findings of fact and decision. K.S.A. 2010 Supp. 44-709(c). The referee's decision is final "unless a further appeal to the board of review" is filed within 16 days. K.S.A. 2010 Supp. 44-709(c).

Subsection (f)(6) outlines the specifics of Board review procedure. It states in pertinent part:

> "(6) The board, on its own motion, may affirm, modify or set aside any decision of a referee on the basis of the evidence previously submitted in the case; may direct the taking of additional evidence; *or may permit any of the parties to initiate further appeal before it*. The board shall permit such further appeal by any of the parties interested in a decision of a referee which overrules or modifies the decision of an examiner. . . . The board shall promptly notify the interested parties of its findings and decisions." (Emphasis added.) K.S.A. 2010 Supp. 44-709(f)(6).

7

Norris begins by arguing that the (f)(6) language allowing the Board to "affirm, modify or set aside any decision of a referee on the basis of the evidence previously submitted in the case" anticipates an appeal to the Board from a referee ruling. This is an unobjectionable assertion. But Norris further insists that (f)(6)'s later language allowing the Board to "permit any of the parties to initiate further appeal before it" can only reference Board reconsideration of its initial decision and not a review of an order originating from any rung below the Board on the administrative ladder. The Board's counterargument is that the "further appeal" language, when considered in the context of the full subsection, does not refer to the Board's ability to reconsider one of its own decisions; rather, it still contemplates only an appeal from a referee to the Board.

We agree with the Board on this question because the language and the design of subsection (f)(6) plainly support it.

The pertinent quoted portion of the subsection contains three sentences addressing the Board's review functions and duties. The first is permissive, listing what the Board may do in its discretion. This includes the Board's ability to "permit any of the parties to initiate further appeal before it." The second sentence clarifies the meaning of "further appeal" as used in the first sentence and is at least directory, if not mandatory. See *State v. Holt*, 298 Kan. 469, 474, 313 P.3d 826 (2013) (articulating four factors to determine whether "shall" makes particular statutory provision mandatory or directory). It states that "[t]he board shall permit such further appeal," *i.e.*, the "further appeal" of the immediately preceding sentence, "by any of the parties interested in a decision of a referee which overrules or modifies the decision of an examiner." K.S.A. 2010 Supp. 44-709(f)(6). In other words, if a referee's decision has deviated from the decision of the examiner, the Board is at least encouraged, if not commanded, to entertain review of the referee's decision. Simply put, the legislature has said that, if an examiner and a referee have ended up in the same place on a claim, the Board need not become involved. If an examiner and a referee have disagreed, then the Board should, and possibly must, settle

8

the administrative outcome. The third quoted sentence requires notice to the parties of the Board's resolution on review.

In contrast to K.S.A. 44-709(i) and 44-709(f)(6) from the KESL, the KJRA explicitly contemplates that a motion for reconsideration of an initial decision by an entity such as the Board may precede the filing of a petition for judicial review. See K.S.A. 77-613(b) ("If reconsideration has not been requested and is not a prerequisite for seeking judicial review, a petition for judicial review of a final order shall be filed within 30 days after service of the order."); K.S.A. 77-613(c) ("[I]f reconsideration has been requested or is a prerequisite for seeking judicial review, a petition for judicial review of a final order shall be filed: [1] Within 30 days after service of the order rendered upon reconsideration . . . [2] within 30 days after service of an order denying the request for reconsideration."). Because the KESL expressly incorporates compatible KJRA judicial review provisions, see K.S.A. 2014 Supp. 44-709(i); *Transam Trucking, Inc.*, 30 Kan. App. 2d 1117, Syl. ¶ 1, we conclude that Norris' petition for judicial review to the Board was permitted.

This conclusion eliminates any necessity for us to consider whether Norris also has a persuasive equitable claim to timeliness based on the Board's failure to notify her or her counsel of its abandonment of its past practice of accepting and considering motions to reconsider. We do note, however, that the Board's longstanding practice suggests that its historical understanding of the KJRA's language was consistent with the conclusion we arrive at today.

Given statutory authority for the Board to entertain a motion for reconsideration, we observe that Norris' filing of her motion was within the KESL's 16-day finality time limit. In addition, the KJRA's 30-day time period for filing of a petition for judicial review was met, because it did not begin to run until there was a "final order" from the Board. See K.S.A. 77-613(b), (c). That final order was issued no earlier than the writing

9

of the Board's March 6 letter, making Norris' petition for judicial review filed March 21 timely and endowing the district court with the jurisdiction it needed to address its merits.

*Law in Effect Now*

After this court granted Norris' petition for review, the legislature amended K.S.A. 44-709, removing any question about whether the Board may entertain a motion for reconsideration of its initial decision and equating the statute's 16-day time period for determining agency finality with the time limit for filing a petition for judicial review.

The amended K.S.A. 44-709(i) now states in pertinent part:

"(i) Any action of the employment security board of review may not be reconsidered after the mailing of the decision. An action of the board shall become final unless a petition for review in accordance with the Kansas judicial review act is filed within 16 calendar days after the date of the mailing of the decision. If an appeal has not been filed within 16 calendar days of the date of the mailing of the decision, the decision becomes final." L. 2015, ch. 57, § 5; K.S.A. 2015 Supp. 44-709(i).

This new language went into effect on July 1 of 2015. See L. 2015, ch. 57, § 8 (statute goes into effect "after its publication in the statute book"); K.S.A. 45-310 (words "publication in the statute book" mean publication of session laws); K.S.A. 45-311 (date of publication generally July 1).

In its supplemental brief to this court, the Board argued that the "amendment to K.S.A. 44-709(i) should be applied retrospectively because the amendment was to a procedural law."

In general, "a statute operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively." *State v. Williams*, 291 Kan. 554,

10

Syl. ¶ 1, 244 P.3d 667 (2010). But a "statutory change [that] does not prejudicially affect the substantive rights of the parties and is merely procedural" in nature may apply retroactively. 291 Kan. 554, Syl. ¶ 1. "Procedural laws relate to the '"machinery for carrying on the suit, including pleading, process, evidence, and practice" and "the mode or proceedings by which a legal right is enforced, that which regulates the formal steps in an action."'" *Brennan v. Kansas Insurance Guaranty Ass'n*, 293 Kan. 446, 461, 264 P.3d 102 (2011) (quoting *Resolution Trust Corporation v. Fleischer*, 257 Kan. 360, 366, 892 P.2d 497 [1995]). In contrast, "[s]ubstantive laws give or define the right, give the right or denounce the wrong, or create liability against a defendant for a tort committed." *Brennan*, 293 Kan. at 461.

Although procedural statutes may be applied retroactively, retroactive application is not an absolute. Such application is inappropriate if new legislation affects a vested right. *Brennan*, 293 Kan. at 460.

Three factors are considered in determining the existence of a vested right:

"'(1) the nature of the rights at stake (*e.g.,* procedural, substantive, remedial), (2) how the rights were affected (*e.g.,* were the rights partially or completely abolished by the legislation; was any substitute remedy provided), and (3) the nature and strength of the public interest furthered by the legislation.' [*Resolution Trust Corp. v. Fleischer*,] 257 Kan. [360], 369, [892 P.2d 497 (1995)]." *Brennan*, 293 Kan. at 460.

"[W]hile we have applied the general rule that a legislature may retrospectively modify the remedies by which rights are enforced, we have not done so when the modification has the practical effect of abrogating the right." *Owen Lumber Co. v. Chartrand*, 276 Kan. 218, 225, 73 P.3d 753 (2003). We also have noted that "'[a] procedural statute will not be given retrospective application where a party does not have a reasonable time after the enactment of the statute to comply with notice requirements before the suit is barred.'" 276 Kan. at 226-27.

11

As discussed, under the law in effect at the time of the district court's dismissal, Norris' petition for judicial review was timely and the district court had jurisdiction to determine its merits. Application of the amended K.S.A. 44-709(i) retroactively would divest Norris of a cause of action she possessed at its passage without giving her an opportunity to comply with its new time requirement. Although the amendment can be characterized as procedural, it has a practical effect of abrogating Norris' substantive right. We therefore hold that the law in effect at the time of the district court dismissal, including the unamended K.S.A. 44-709(i), governs this case.

CONCLUSION

Norris' motion for Board reconsideration of its initial decision was within the 16-day window for finality under the version of K.S.A. 44-709(i) in effect at the time. Her petition for judicial review was filed well before 30 days since the Board's final order had passed, making it timely and endowing the district court with jurisdiction to determine its merits. The Court of Appeals decision reversing the district court's dismissal is affirmed as right for different reasons, and the case is remanded to district court for further proceedings.